# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-17-0291-F |
| | ) | CIV-19-1120-F |
| JOSE GUERRA, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant Jose Guerra, as a person in federal custody, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Doc. no. 405. Plaintiff, the United States of America, has responded, objecting to relief. Doc. no. 411. No reply brief was filed. Mr. Guerra appears *pro se* and his pleadings are liberally construed. For the reasons stated below, the motion will be denied.

### Background

On May 3, 2018, Mr. Guerra entered a plea of guilty to a single-count superseding information which charged him with conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Doc. no. 193. On December 19, 2018, he was sentenced to 130 months' incarceration (doc. no. 315), with judgment entered on December 20, 2018. Doc. no. 318. The sentence was within the guidelines range of 108 to 135 months' imprisonment. Doc. no. 319, p. 1 (statement of reasons).

Asserted Grounds for Relief

Mr. Guerra moves for relief from his sentence based on ineffective assistance of counsel. In his first ground for relief, he argues his counsel was ineffective for failing to object to ¶ 40 of the PSR,[1] in which the probation officer applied a four-level upward adjustment for Mr. Guerra's role in the offense as an organizer/leader. In his second ground for relief, Mr. Guerra argues his counsel was ineffective for failing to object to ¶ 53 of the PSR, in which the probation officer assigned one criminal history point based on Mr. Guerra's guilty plea, on July 28, 2011, to Driving While Intoxicated (DWI).

Ineffective Assistance of Counsel Standards

The standards for evaluating ineffective assistance of counsel claims are reviewed in Hooks v. Workman, 606 F.3d 715, 723-24 (10th Cir. 2010).[2]

> To prevail on a claim of ineffective assistance, [movant] must show his counsel's performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687–88, 104 S.Ct. 2052. Review of counsel's performance under Strickland's first prong is highly deferential: "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. 2052. To be deficient, the performance must be "outside the wide range of professionally competent assistance." Id. In other words, "it must have been completely unreasonable, not merely wrong." Boyd v. Ward, 179 F.3d 904, 914 (10th Cir.1999); see also Strickland, 466 U.S. at 687, 104 S.Ct. 2052 (holding that to demonstrate deficient performance, a petitioner must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [a] defendant by the Sixth Amendment").

---

[1] The final pre-sentence investigation report is at doc. no. 285.

[2] Hooks considered a petition brought under 28 U.S.C. § 2254. The same standards apply in this § 2255 matter.

2

As for Strickland's prejudice prong, [movant] must establish that but for counsel's errors, there is a reasonable probability "the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052. That is, [movant] must show "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. Establishing a reasonable probability of a different outcome requires something less than a showing [that] "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S.Ct. 2052. Instead, a reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

If [movant] is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance necessarily fails. *Id.* at 700, 104 S.Ct. 2052.

Discussion

As stated, Mr. Guerra's first ground for relief is that his counsel was ineffective for failing to object to ¶ 40 of the PSR, in which the probation officer applied a four-level upward adjustment, pursuant to USSG § 3B1.1(a), based on Mr. Guerra's aggravated role as a leader or organizer of the offense.

This ground for relief is rejected because, contrary to Mr. Guerra's contention, his counsel objected to ¶ 40 of the PSR. *See*, doc. no. 285, p. 26 (defendant objects to ¶ 40, specifically, to the four-level upward adjustment for aggravated role as a leader or organizer in the offense). Moreover, at sentencing, the court sustained defendant's objection in part, applying only a three-point enhancement for being a manager.[3] Doc. no. 409, Tr. at pp. 3-4. The court then sentenced Mr. Guerra to 130 months' imprisonment, which was within the guidelines range determined by the court (108 to 135 months). Doc. no. 319, p. 1. Obviously, Mr. Guerra cannot show

---

[3] USSG § 3B1.1(b) provides that if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, the court should increase the offense level by three levels.

3

deficient performance based on his attorney's failure to object to a matter that his attorney did, in fact, object to. Mr. Guerra may wish the court had ruled more favorably on the objection, but that does not change the fact that the objection was lodged.

To the extent Mr. Guerra might have intended to argue his counsel should have demanded an evidentiary hearing on this issue, that argument is also rejected. Given the ample evidence in the PSR of Mr. Guerra's role in coordinating deliveries of drugs and money, and given the risk that the court, upon hearing evidence, might have applied a four-level increase as recommended by the probation officer rather than only a three-level increase, counsel's decision not to risk presenting evidence on this issue did not fall below an objective standard of reasonableness.

Mr. Guerra's second ground for relief is based on his counsel's failure to object to the criminal history calculation in ¶ 53 of the PSR (which then impacted the criminal history computation in ¶¶ 55 and 56). Mr. Guerra argues that the single criminal history point assigned to him in ¶ 53 was in error because the conduct upon which the DWI charge described in ¶ 53 was based occurred in August of 2005. Mr. Guerra argues that conduct is more than ten years before the charged conduct, as pertinent to him, began in June of 2017.[4] He argues that without the point assigned in ¶ 53, he would have been placed in criminal history category I rather than II.

This ground for relief is rejected because it is based on a misunderstanding concerning how the ten-year period is calculated. The guidelines make clear that the starting date for the ten-year period is the date on which the sentence for the previous conviction "was imposed," rather than the date on which the conduct

---

[4] Mr. Guerra relies on conduct which he states he "was charged with being accountable for" occurring in June of 2017 (and September of 2017). Doc. no. 405-1, p. 8. (The charged dates for the conspiracy as a whole are June of 2014 through August 23, 2017.)

underlying that conviction occurred as Mr. Guerra argues.[5]  *See*, <u>United States v. Wise</u>, 597 F.3d 1141, 1149 (10th Cir. 2010) ("While the defendant's arrest for the earlier crime had occurred outside the ten-year window, the date his sentence was imposed—the operative date under § 4A1.2(e)(2)—was within that window. Therefore,…the district court erred in failing to assign criminal history points for the offense….").

Mr. Guerra pled guilty to the DWI charge on July 28, 2011. Doc. no. 285, ¶ 53. Thus, July 28, 2011, is the date sentence was imposed on the DWI charge. That date is well within ten years of the commencement of the criminal conduct charged against Mr. Guerra in this case. Consequently, any objection which Mr. Guerra's counsel might have made to the criminal history point assigned in ¶ 53 of the PSR would have been meritless. Counsel's performance was not deficient for failure to raise a meritless claim. <u>Hooks</u>, 184 F.3d at 1221.

In summary, Mr. Guerra has not satisfied the deficient performance prong of the <u>Strickland</u> test with respect to either of his ineffective assistance of counsel arguments. Accordingly, his motion for relief from his sentence will be denied. Furthermore, the motion, files and records conclusively show that Mr. Guerra is not entitled to relief under § 2255,[6] and there is no need for an evidentiary hearing.

## Conclusion

After careful consideration, the court finds there is no need for an evidentiary hearing in this matter, and it **DENIES** Mr. Guerra's motion for relief from his sentence brought under 28 U.S.C. § 2255. Mr. Guerra has not made the required

---

[5] USSG 4A1.1(c) app. n.3 states that "a sentence <u>imposed</u> more than ten years prior to the defendant's commencement of the instant offense is not counted," citing USSG § 4A1.2(e)(2), which states that "Any other prior sentence that was <u>imposed</u> within ten years of the defendant's commencement of the instant offense is counted." (Emphasis added).

[6] *See*, 28 U.S.C. § 2255(b)("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon….").

showing for a certificate of appealability under Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 1st day of May, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0291p083 (Guerra).docx